IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01416-PSF-PAC

JOSEPH BRAZIER, LTD, a United Kingdom corporation,
FNGB, CORP., a Nevada corporation, and
KARL CLARK LIPPARD,

    Plaintiffs,

v.

SPECIALTY BAR PRODUCTS COMPANY, a Pennsylvania corporation,

    Defendant.

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

IT IS HEREBY **ORDERED** that the Motion for Entry of Protective Order [filed September 29, 2006; Doc. No. 18] is **GRANTED.** The attached Protective Order [filed September 29, 2006; Doc. No. 18-2] is made an order of the Court this date.

Dated: October 4, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01416-PSF-PAC

JOSEPH BRAZIER, LTD., a United Kingdom corporation;
FNGB, CORP., a Nevada corporation; and
KARL CLARK LIPPARD,

    Plaintiffs / Counterclaim-Defendants,

v.

SPECIALTY BAR PRODUCTS COMPANY, a Pennsylvania corporation,

    Defendant / Counterclaim-Plaintiff.

## PROTECTIVE ORDER

BEFORE THE COURT is the joint motion of Plaintiff and Defendant for entry of the following Protective Order. Accordingly,

IT IS HEREBY ORDERED THAT:

1. This Protective Order shall have application to all discovery in this action, subject to further stipulated agreements by the parties or orders by the Court.

2. Unless otherwise specifically ordered, information provided in discovery and designated as confidential, as described below, shall be presumed to be the private information of the producing party and shall not be published or otherwise disclosed except for purposes of discovery, trial preparation, and presentation as evidence at trial.

3. Any party to this action may invoke protection for proprietary confidential material (including, inter alia, exhibits, documents, and tangible things produced by any party or

witness, answers to interrogatories, responses to requests for admissions, information learned through physical inspection under Fed.R.Civ.P. 34, and deposition transcripts) if that party asserts in good faith that such material comprises or contains proprietary information or trade secrets. Such claim of protection shall be made by stamping or marking documents or things containing such information with the following legend: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Protection can be obtained for testimony given at depositions by written notice to the deposing party before taking of testimony and/or by notice given on the record during the deposition, and/or by designating the confidential portion of the transcript of such testimony with the foregoing legend. Protection can be obtained for physical inspections by written notice to the inspecting party before the physical inspection. Material and information thus marked or otherwise designated is referred to herein as "**Designated Material**."

4. No person may use or disclose Designated Material or information derived from it, except for purposes of this action and as set forth in this or further Order of the Court; but nothing contained in this Order shall affect the exclusive right of a party to use or disclose its own Designated Material for any purpose.

5. Upon five (5) days prior notice, no person may attend any portion of a deposition that is to be designated as confidential under this Order unless such person is an authorized recipient of Designated Materials under the terms of the Order.

6. A party may designate a document by applying the appropriate legend to every page of any copies of the documents supplied to the other party to the extent they contain such information.

7. Designated Material and all information derived therefrom shall be available only to:

   a. attorneys licensed to practice law in any State of the United States who are engaged in good faith to advise any parties concerning this litigation (including in-house counsel), such attorney's legal associates, employees, and legal staff, and such translators or interpreters as necessary in connection with this action;

   b. independent outside consultants assisting counsel of record with respect to this action if such outside consultants:

      i. need to know the contents of Designated Material in connection with such assistance;

      ii. agree in writing to be bound by the terms of this protective order; and

   c. One (1) company representative designated in good faith by each party, provided that:

      i. Such representative is currently employed by that party in the ordinary course of its business;

      ii. The duties of such representative include assisting counsel of record in preparing this case for trial; and

      iii. Such representative agrees in writing to be bound by the terms of this protective order;

   d. other persons assisting counsel in this litigation who have been approved by the Court or who have been approved in writing by the opposing party.

8. Counsel for a receiving party who discloses any Designated Material to any person under paragraph 7 (b), (c), or (d) above shall obtain and keep on file: [a] such person's full

name and street address as of the date of the disclosure to such person; [b] such person's employer's name and street address as of the date of the disclosure; [c] a description of such person's trade, business or profession as of the date of the disclosure; and [d] such person's written agreement to be bound by the terms of this Order (collectively, the "Disclosure Record").

9. Materials designated under this Order and information derived directly from them may be presented to the Court in this action, and may be included in briefs, memoranda, or other papers filed with this Court, provided however:

   a. prior to use of any such material in oral presentations to the Court, the designating party shall be given a reasonable opportunity to apply to the Court to have such presentation in camera, and

   b. all documents and materials filed with the Court (including, inter alia, briefs, memoranda, exhibits, deposition transcripts, answers to interrogatories, and other papers or things) comprising or containing Designated Material shall be filed as Sealed Documents under the Court's Electronic Case Filing Procedures.

10. A party shall not be obligated to challenge the propriety of any designation for protection hereunder at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis.

12. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. The person or entity seeking to protect information shall have the burden of establishing the appropriateness of the protection sought. In the event that any person or entity designates matter for protection hereunder which is later found not entitled to such protection, the Court may, on a motion for relief from any such designation, award to the moving party its costs and fees resulting therefrom (including reasonable attorney's fees), if it finds that such designation was made and/or maintained without substantial justification.

13. The inadvertent or unintentional disclosure by the designating party of material protected by this Order, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning that it has inadvertently or unintentionally disclosed material that should be Designated Material under this Order, the disclosing party shall immediately notify the receiving party of such disclosure. Upon receipt of such notice, the receiving party shall cease any further use or disclosure of such material in any manner prohibited by this Order, but shall not be required to take any action with respect to any use or disclosure undertaken in good faith before such notice was received, or to "cure" such prior use or disclosure in any respect unless so ordered by the Court.

14. Except as provided herein no Designated Material or information derived directly from it shall be disclosed to any person who is not authorized hereunder to receive such material

and, if applicable, not until such person has agreed in writing to be bound by the terms of this order. The restrictions set herein shall not apply as to:

a. Any information which at the time of the disclosure under this Order is available to the public;

b. Any information which after disclosure under this Order becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel, or any recipient of designated material under this Order;

c. Any information which the receiving party, its counsel, or any recipient of designated material under this Order can show: (i) as a matter of written record was already known to the receiving party; (ii) was obtained from the furnishing party without having been designated as confidential information; or (iii) was received after the time of disclosure under this Order from a third party.

15. Designated Material may be shown to any person who has previously seen such materials with the consent of the designating party.

16. Attorneys for nonparty witnesses may attend portions of the deposition of such witnesses that are designated under this Order if those attorneys agree to be bound by the terms of this Order either in writing beforehand or on the record of a deposition.

17. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order or to determine whether a particular person shall be entitled to receive any particular information, or to determine whether any information or material is subject to greater or lesser protection than provided herein.

18. The termination of this action shall not automatically terminate the effectiveness of this Order. Nothing in this Order is intended to create or will be construed to create any contract or agreement between the parties or between the parties and any counsel.

19. Nothing contained in this Order shall prohibit or restrict the right or ability of counsel to give legal advice based on material or information obtained in discovery or under this Order, provided that in so doing they do not disclose any of the substance of designated material to any person not authorized to receive such information and material pursuant to this Order.

20. The fact that material is designated under this Order shall not determine or affect what a trier of fact may find to be confidential or trade secrets. Except for obligations created by or arising under this Order, no designation or acceptance of any designation pursuant to this Order shall constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or trade secret.

21. By agreeing to the entry of this protective order, the parties adopt no position as to the authenticity or admissibility of documents subject the order. Neither the taking of any action in accordance with the provisions of this protective order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

22. Within thirty (30) days after disposition of this action, including appeals, the attorneys for the parties shall return any Designated Materials and all copies thereof to the party or witness from whom it was obtained, together with the Disclosure Record (or a duplicate copy thereof) maintained pursuant to paragraph 8 of this Order.

Done this 3rd day of October 2006.

BY THE COURT:

/s/ Patricia A. Coan
Patricia A. Coan
United States Magistrate Judge

**MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO**

434397v.1